| | |
|---|---|
| BENJAMIN RANDOLPH WOOD, | No. 2:17-cv-00983-JAM-CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JACK MCCORMICK, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a California state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on the complaint filed on May 7, 2017 alleging that two correctional officers at the Shasta County Jail used excessive force against plaintiff in violation of the Eighth Amendment.[1] See ECF No. 11 (screening order). Currently pending before the court is defendants' motion for summary judgment. ECF No. 31. The motion has been fully briefed by the parties. See ECF Nos. 35, 36. For the reasons discussed below, the undersigned recommends granting defendants' motion for summary judgment on the basis that plaintiff failed to exhaust his administrative remedies prior to filing this action.[2]

/////

---

[1] All of plaintiff's filings dates are calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

[2] In the interest of judicial economy, the undersigned finds it unnecessary to address the remaining grounds raised in defendants' motion for summary judgment.

1

## I. Allegations in the Complaint

The events giving rise to the present cause of action occurred on May 26, 2013 while plaintiff was awaiting sentencing at the Shasta County Jail. ECF No. 1 at 8-9. In his verified complaint, signed under penalty of perjury, plaintiff alleges that defendant McCormick "bashed" him in the head and hand with a metal baton while responding to inmate-on-inmate violence precipitated by gang members within plaintiff's housing unit. ECF No. 1 at 7, 9-10. After plaintiff was handcuffed and placed face-down on the ground, defendant Millis then "stomped up and down repeatedly" on his back. ECF No. 1 at 11.

According to the complaint, plaintiff "used the prisoner grievance procedure available," but his "requests for proper medical care were denied and appeals from the denials were denied." ECF No. 1 at 12, 30-33 (Inmate Request for Information forms). Plaintiff also alleges that he feared reprisals from the Shasta County Deputies. ECF No. 1 at 12.

## II. Motion for Summary Judgment[3]

Defendants assert that plaintiff never filed or exhausted an administrative appeal concerning his excessive force claims. ECF No. 31 at 5-7. Additionally, defendants contend that plaintiff is not excused from the exhaustion requirement because he "has identified no defect in the jail's grievance procedure themselves." ECF No. 31 at 5. To the extent that plaintiff alleges that he feared retaliation if he filed a complaint about the use of force, defendants counter that the threats of retaliation when "viewed objectively," would not have "deter[red] an inmate of ordinary firmness from filing a grievance." Id. at 7. As a result, plaintiff is not excused from the PLRA's exhaustion requirement and defendants are entitled to judgment as a matter of law.

In his opposition, plaintiff concedes that he did not exhaust any administrative grievance concerning his excessive force claims. ECF No. 35 at 3. However, he asserts under penalty of perjury that "the threatening criminal behavior of multiple Shasta County Deputies is what prevented Plaintiff from pursuing any relief from those very same Deputies." ECF No. 35 at 3. Plaintiff specifically states that he "was assaulted himself on another occasion," but he does not

---

[3] The court recounts only the portions of the pending motion that relate to the issue of exhaustion. The parties' respective positions on the Eighth Amendment claims are not addressed herein.

provide any additional details about such an assault or which deputy was responsible. Id.

By way of reply, defendants point out that plaintiff's new contention that he was the victim of another assault by an unnamed Shasta County Deputy contradicts his sworn deposition testimony. ECF No. 36 at 2. Even accepting these general allegations of threatening behavior by jail officials, there is no evidence that such actions were related to the use of the grievance process or that such conduct would have deterred a reasonable inmate from filing a grievance. ECF No. 36 at 2-3.

### III. Undisputed Material Facts

During the relevant time period, inmate grievances at the Shasta County Jail were governed by Chapter 7.2 of the Shasta County Sheriff Custody Division's Policy and Procedural Manual. See Defendants' Statement of Undisputed Facts ("DSUF") at ¶ 18. According to this policy, there are three formal levels of review of an Inmate Request and Grievance Form. DSUF ¶ 19; ECF No. 31-3 at 66-67. At the first level of review, the inmate submits the grievance form to the correctional deputy. Id. If unsatisfied by the response, the inmate can submit the grievance to the second level of review by the watch commander. Id. The third and final step of the grievance process is completed by submitting the grievance form to the facility manager. Id.

Plaintiff was aware of the procedure for filing an inmate grievance in the Shasta County Jail. DSUF at ¶ 20. Plaintiff did not file any grievances related to the use of force against him by any deputies on May 26, 2013. DSUF at ¶ 22. Plaintiff did not submit any grievance related to the use of force because deputies made verbal threats towards him and because plaintiff witnessed deputies assault other individuals. ECF No. 31-3 at 19 (Plaintiff's Deposition). He "didn't feel safe to make that specific complaint." ECF No. 31-3 at 19. The only grievances that plaintiff filed concerned medical care for the injuries that he received. DSUF at ¶ 21; ECF No. 1 at 30-33 (grievance forms).

### IV. Legal Standards

#### A. Summary Judgment

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

3

Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials...." Fed. R. Civ. P. 56(c)(1)(A). Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"

Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, ...until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner must exhaust his administrative remedies before he commences suit. McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002); see also Kingsley v. Hendrickson, 135 S. Ct. 2466, 2476 (2015) (stating that the PLRA exhaustion requirement "applies to both pretrial detainees and convicted prisoners"). Failure to comply with the PLRA's exhaustion requirement is an affirmative defense that must be raised and proved by the defendant. Jones v. Bock, 549 U.S. 199, 216 (2007). In the Ninth Circuit, a defendant may raise the issue of administrative exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc).

In order to defeat a properly supported motion for summary judgment based on a prisoner's failure to exhaust pursuant to 42 U.S.C. § 1997e(a), plaintiff must "come forward with some evidence showing" that he has either (1) properly exhausted his administrative remedies

before filing suit or (2) "there is something in his particular case that made the existing and generally available remedies unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5) (9th Cir. 1996)); Jones, 549 U.S. at 218. "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" Ross v. Blake, 136 S. Ct. 1850, 1859 (2016) (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)). If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). If there is at least a genuine issue of material fact as to whether the administrative remedies were properly exhausted, the motion for summary judgment must be denied. See Fed. R. Civ P. 56(a).

When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168-69.

**V.  Analysis**

At the outset, the court finds that defendants have met their initial burden of informing the court of the basis for their motion, and identifying those portions of the record which they believe demonstrate the absence of a genuine issue of material fact concerning plaintiff's failure to exhaust administrative remedies. The burden therefore shifts to plaintiff to establish that a genuine issue as to any material fact actually does in fact exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The court has reviewed plaintiff's verified complaint and his exhibits in opposition to defendants' pending motion. Drawing all reasonable inferences from the evidence submitted in plaintiff's favor, the court concludes that plaintiff has not submitted sufficient evidence at the summary judgment stage to create a genuine issue of material fact concerning the exhaustion of his administrative remedies for the reasons explained below.

In order to establish that the failure to exhaust was excusable, plaintiff must show that:

> '(1) the threat [of retaliation] actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.'

McBride v. Lopez, 807 F.3d 982, 987 (9th Cir. 2015) (quoting Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008)). See also Rodriguez v. County of Los Angeles, 891 F.3d 776, 794 (9th Cir. 2018) (allegations of "general and unsubstantiated fears about possible retaliation" insufficient to satisfy inmate's burden to produce evidence of something in the particular case that rendered administrative remedies effectively unavailable) (citing McBride, 807 F.3d at 987-88); Arpin v. Santa Clara Valley Transportation Agency, 261 F.3d 912, 922 (9th Cir. 2001) ("conclusory allegations unsupported by factual data are insufficient to defeat ... summary judgment motion") (citing Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ).

Construing the facts in the light most favorable to plaintiff, he has sufficiently alleged that threats from jail deputies deterred him from filing a grievance on the use of excessive force. He has therefore met the subjective test of McBride. Nonetheless, the undersigned concludes that plaintiff has not met his burden of demonstrating that his fear of retaliation from these threats was objectively reasonable. "That is, there must be some basis in the record for the district court to conclude that a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance." McBride, 807 F.3d at 987. Plaintiff's conclusory contentions in this regard are insufficient to meet his burden of production on summary judgment to show that jail officials rendered administrative remedies unavailable to him. Compare Rodriguez, 891 F.3d at 794 (emphasizing that there was sufficient record evidence "supporting an actual and objectively reasonable fear of retaliation for filing grievances.") with Porter v. Nussle, 534 U.S. 516 (2002) (rejecting a categorical exception to the exhaustion requirement for excessive force complaints where the inmate alleged that prison officials subjected him to "a prolonged and sustained pattern of harassment and intimidation"); Boyd v. Corr. Corp. of Am., 380 F.3d 989, 997–98 (6th Cir.

2004) (holding that nonspecific allegations of fear do not excuse the failure to exhaust administrative remedies).

In this case, there is even less of a record of an inmate's fear of retaliation than in the McBride case. In McBride, the Ninth Circuit found that threatening statements by prison guards who had severely beaten an inmate were not sufficient to render the administrative appeals process unavailable. 807 F.3d at 988. Here, plaintiff's statements concerning a fear of retaliation are not even linked to the same guards who injured him, nor are they specifically connected to the use of the grievance process itself. The undersigned finds that there is no record evidence demonstrating an objectively reasonable fear of retaliation for filing a grievance about the use of excessive force. See McBride, 807 F.3d at 988 (emphasizing that "[h]ostile interaction, even when it includes a threat of violence, does not necessarily render the grievance system 'unavailable.'"). Accordingly, plaintiff has failed to meet his burden of demonstrating that the jail's grievance procedure was effectively unavailable to him as a result of the conduct of jail officials. See Albino, 747 F.3d at 1166. For all these reasons, the undersigned recommends granting defendants' motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies.

**VI.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the pending motion for summary judgment as well as the affidavits and evidence submitted by the parties and has concluded that you did not properly exhaust your administrative remedies concerning the allegations in your complaint. Therefore, the assigned magistrate judge is recommending that defendants' motion for summary judgment be granted and your case be dismissed without prejudice.

You have fourteen days to explain to the court why this is not the correct outcome in your case. If you choose to do this you should label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review any objections that are filed and will make a final decision on the motion for summary

judgment.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment (ECF No. 31) be granted on the basis of plaintiff's failure to exhaust his administrative remedies.
2. The case be dismissed without prejudice.
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 24, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/wood0983.msj.CJRA.docx

9